## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:

Michael A. Guglielmo                                         Chapter 13
                                                                               Case Number 22-10461-BAH
        Debtor                                                    Honorable Bruce A. Harwood

_____/

## OBJECTION TO CONFIRMATION

NOW COMES, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2021- SL1 ("U.S. Bank"), by and through its attorneys, Orlans PC, and hereby objects to confirmation of the Debtor's Amended[1] Plan [Docket No. 33]. In support, U.S. Bank states as follows:

1. On or about November 24, 2006, Michael A. Guglielmo executed a mortgage to Mortgage Electronic Registration Systems, Inc., which is recorded with the Merrimack County Registry of Deeds in Book 2948, Page 815 (the "Mortgage"). The Mortgage is a mortgage on real property owned by the Debtor known and numbered as 140 Rumford Street, Concord, NH 03301 (the "Property"). The Mortgage secures a promissory note, of even date, which was in the original amount of $74,500.00 (the "Note"). The Note contained a fifteen-year term with a balloon payment provision. As such, the Note matured on December 1, 2021 – approximately ten months before the commencement of the instant case.

2. U.S. Bank is the current holder of the Mortgage and Note.

---

[1] On January 10, 2023, the Debtor filed an Amended Plan [Docket No. 29]. On January 13, 2023, U.S. Bank objected to such plan. *Docket No. 31*. Thereafter, on January 17, 2023, the Debtor filed the present Plan [Docket No. 33], which appears to mirror the January 10, 2023 version in all respects. That said, in an abundance of caution, this objection is being filed so that the record is clear that U.S. Bank is maintaining its confirmation objection to the present plan.

3. As of the petition filing date, the approximate amount owed under the terms of the Note and Mortgage was $56,695.04. Given that the loan matured pre-petition, the 'pre-petition arrearage' is equal to the total debt. *See Proof of Claim No. 14*.

4. With regard to the secured claim of U.S. Bank, the Debtor's Second Amended Plan [Docket No. 33] (the "Plan") states that the same will be "paid in full in [the] chapter 13 plan." *Plan, ¶7*. However, the Plan does not include any specifics as to how the secured claim will be 'paid in full'.

5. U.S. Bank asserts that it is entitled to a reasonable rate of interest with regard to the payment of its secured claim. *See* Till v. SCS Credit Corp., 541 U.S. 465 (2004). Despite this, the Plan does not appear to contemplate such a reasonable rate of interest.

6. Additionally, the Plan does not appear to be feasible as is required by 11 U.S.C. 1325(a)(6). More specifically, the Plan contemplates that the Debtor shall pay four plan payments of $1,190.00 and fifty-six plan payments of $2305.00 for a total of $133,840.00 over the life of the case. However, the Debtor's Amended Schedules I & J [Docket No. 23-2] shows that such payment schedule is not feasible. More specifically, the Debtor's Schedule J shows that the Debtor presently has **negative** monthly net income of $1,339.45. As such, U.S. Bank asserts that that Plan is not feasible as required by the Bankruptcy Code. *See* <u>First Nat'l Bank v. Fantasia (In re Fantasia)</u>, 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997) ("To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan.") While the Debtor's Schedule I includes a footnote[2] outlining that the debtor believes that his income will increase, U.S. Bank states that

---

[2] The footnote reads:

> The Debtor's budget now takes into account that the Northfield property will be going to foreclosure and the rent will end. The Debtor currently receives $3,400.00 per month in rent for that property and pays about $666.00 in expenses.

the Debtor bears the burden of proving all requirements of confirmation. *See* In re Hutchinson, 354 B.R. 523, 531 (Bankr.D.Kan. 2006) ("Debtors bear the burden of proving that they have met all of the requirements of § 1325, …")  As such, in order to achieve confirmation, the Debtor must show that the projected increases in income are probable and realistic.

WHEREFORE, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2021- SL1, by and through its attorney, prays that this Objection be sustained and that confirmation of the Debtor's Amended Plan [Docket No. 33] be denied.

Date:  January 23, 2023

Respectfully Submitted,

/s/ Jason J. Giguere
Jason J. Giguere, Esq. BNH06883
Shawn Masterson, Esq. BNH07074
Orlans PC
Attorneys for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2021- SL1
PO Box 540540
Waltham, MA 02454
(781) 790-7800
Email: bankruptcyNE@orlans.com
File Number: 22-010521

---

The Debtor says he hopes to complete a 4 bedroom unit within three weeks and have it up on Furnish Finder for traveling nurses at $1,600 for each of the 4 rooms for a total of $6,400 a month. Below Debtor's unit is a two bedroom in law unit with two rooms he hopes to rent for $1,600 each for a total  $3,200. His first nurse contract expired Nov 5 and the unit is now up for rent again on Furnish Finder.