UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: Michael Guglielmo____,  Bk. No. 22-10461-BAH
      Debtor  Chapter 13

DEBTOR'S OBJECTION TO CLAIM NUMBER 16

NOW COMES Michael Guglielmo, the Debtor in this case, by and through his attorney, Sandra A. Kuhn, Esq. of Family Legal Services, P.C., and files this objection to Claim Number 16. In support of this Objection, the Debtor states as follows:

1. The Debtor filed for Chapter 13 bankruptcy protection on September 21, 2022.

2. On or about November 30, 2022, Christine Snarski filed a claim in the amount of $369,000.00 indicating that her claim was secured by a lien upon the Debtor's real estate indicating she has a recorded mortgage owed to FNMA. She further indicated that the arrears necessary to cure the claim was $91,895.69.

3. Ms. Snarski is not a secured creditor.

**Background**

4. Ms. Snarski is the former romantic partner of the Debtor.

5. Their relationship spanned a period of years and ended prior to 2011.

6. During their relationship, the parties purchased real estate together, one of which was 132 Park Street in Northfield, New Hampshire (sometimes referred to as the "Northfield property"). The other one was the property located at 140 Rumford Street in Concord, New Hampshire, purchased on or about January 25, 2005 (sometimes referred to as the "Concord" property).

7. The Concord property was purchased before the Northfield property.

8. The note for the Concord property was in the Debtor's name.

9. Because the Debtor owned property located at that point in Belmont, New Hampshire, he could not qualify for a mortgage on the real estate to be purchased at 132 Park Street in Northfield, New Hampshire.

10. The parties thereafter, as a couple, decided that the mortgage would be in Ms. Snarski's name for the Northfield property.

11. On or about January 12, 2007, the parties purchased the Northfield property.

12. On January 12, 2007 both the Debtor and Ms. Snarski signed the mortgage in the amount of $300,000.00.

13. The Debtor paid the down payment of $34,000.00 to purchase the Northfield property.

14. On or about March 21, 2009, Ms. Snarski and the Debtor agreed in writing to allow Anna Hantschar of 7 Farm Poind Lane in Franklin, New Hampshire and interest in the Northfield property.

15. The parties had one child together, namely Giovannni. Their son passed away after Ms. Snarski removed the child from hospital care.

16. The parties ended their relationship prior to April of 2011.

17. On or about July 9, 2013, the parties signed a quitclaim deed conveying a one third interest in the Northfield property to Ms. Hantschar.

18. At that time Ms. Snarski remained at the Concord property which at that point consisted of three units, she lived in one of them and the other two were rented. She denied the Debtor access to the property. During certain communications with him, she illegally taped the Debtor without his knowledge and consent.

19. Ms. Snarski collected the rents for the Concord property and the Debtor without any accounting to the Debtor for a period of time.

20. In about July of 2013, the Debtor asked for information relative to the finances being administered by Ms. Snarski. Ms. Snarski was not paying the bills and threatened to let the Northfield property go to foreclosure.

21. Ms. Snarski threatened the Debtor with financial ruin if he did not do what she wanted in terms of payment on certain of her debts.

22. Ultimately the Debtor hired Attorney Nicholas Wright on or about March 26, 2015 to assist in in seeking to obtain an accounting as the receives and payables for the Concord property rent and expenses. He also sought to address considerable withdrawals that Ms. Snarski had made from their joint bank account.

23. In about March 26, 2015, Attorney Wright also communicated with Ms. Snarski's then counsel relative to her refusal to allow the Debtor access to the mortgage account for the Northfield property which had the effect of impeding the Debtor's ability to make timely payments for the mortgage on that property.

24. Attorney Wright had been seeking a peaceful resolution of the parties' financial entanglements to that they could each move on with their lives.

25. Clearly that did not occur.

26. On June 28, 2018, Ms. Snarski signed her interest in the Concord property over to the Debtor by Quitclaim Deed.

27. In approximately October of 2018, Ms. Snarski wrote to the mortgage lender for the Northfield property stating:

"I signed for this property for investment purposes only for Michael Guglielmo whom is on the deed of the property. Michael already had a property in his name so he could not get the property on his own. …..We were not married and I never put any of my personal money into this property. The property was paying for itself until the taxes, hazard insurance and tenants went up or they just don't pay so a lot of revenue has been lost due to evictions and court proceedings. Tenants not paying their rent has made it very difficult to make the mortgage payments…My agreement with Michael Guglielmo back on January of 2007 was that I wanted no responsibility to the property and he agreed that it is his and he would pay the mortgage and do the upkeep. Michael I know has been paying the mortgage and had an agreement for modification bit apparently the checking account that the mortgage was being withdrawn from the bank changed the routing number. ..I am asking you to continued with the agreed upon modification and Seterus will do electronic withdrawals on the dates of your choosing. If you don't take the payments then you will have to foreclose on the property. This situation I see as a loss, you will not get your money for the property because I will file for bankruptcy seeking the mortgage is in my name and would like to refinance the property in his name but Seterus not allowing these transactions to move forward."

28. Seterus wrote back to Ms. Snarski on or about November 28, 2018 stating that an incorrect routing number was provided and that the mortgage lender would not work with her and would be referring the mortgage to foreclosure.

29. The Debtor worked to bring the property out of foreclosure.

30. The parties were then unable to resolve their differences and litigation ensued in the Merrimack County Superior Court after Ms. Snarksi refused to cooperate in obtaining a loan modification for the 132 Park Street in Northfield property during the COVID-19 pandemic. That case is a breach of contract case commenced by the Debtor on or about July 30, 2020 (Case No. 217-2020-CV-00367).

31. Ms. Snarski appeared for herself in the Merrimack County Superior Court case and filed an Answer and Counterclaim on or about September 21, 2020 seeking a trial by jury.

32. The Merrimack County Superior Court case is being held in abeyance given the Debtor's bankruptcy filing.

33. On August 12, 2022, a presentative of Korde and Associated mailed the Debtor a notice of foreclosure scheduled to occur on September 26, 2022 on the Northfield property.

34. On or about September 21, 2022, the Debtor filed for Chapter 13 bankruptcy protection seeking to stop the foreclosure sale on the Northfield property as well as deal with his second mortgage and his other debt.

**Not A Secured Claim**

35. The Debtor believes the Snarski claim is frivolous.

36. She is a part owner of the property and not a secured creditor.

37. It is further Debtor's understanding that the parties have reached a possible settlement relative to the disposition of the Northfield property.

38. Given all of the above, the Debtor seeks to have claim number 16 denied as a secured claim and certainly objects to it also being considered as an unsecured claim.

WHEREFORE, Debtor prays that this Court:

A. DISALLOW Claim Number 16 as a secured claim and as an unsecured claim; AND

B. GRANT such other relief as is just and necessary.

Respectfully Submitted,
Mr. Guglielmo
By His Attorney
FAMILYLEGAL

03/15/2023          /s/Sandra A. Kuhn
Date                Sandra A. Kuhn, Esq.
                    BNH 03832
                    141 Airport Road
                    Concord, NH 03301

CERTIFICATE OF SERVICE

      I hereby certify that a true copy of this Objection ALONG WITH THE PROPOSED ORDER AND NOTICE OF HEARING was sent this 15th day of March 2023 to the following parties:

Chapter 13 Trustee
(By ECF)

US Trustee
(By ECF)

Kathleen E. McKenzie, Esq.
Raymond DiLucci PA
81 South State Street
Concord, NH 03301
(certified RRR)

Date: 03/15/2023                          /S/ Sandra Kuhn, Esq.
                                                                       Sandra Kuhn, Esq.