## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In Re: Michael Guglielmo<br><br>Debtor | | Case No.: 22-10461-BAH<br>Chapter 13 |
| Michael Guglielmo<br>                Movant<br>v.<br>Christina Snarski<br>                Respondent | | Hearing Date: May 3, 2023<br>Hearing Time: 9:00 A.M. |

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NUMBER 16

**NOW COMES** the Creditor and Respondent in the above-captioned matter, Christina Snarski, by and through her Attorneys, Raymond J. DiLucci, P.A. and Responds to Debtor's Objection to Proof of Claim Number 16 and in support thereof says:

1. Admitted.

2. Denied in part.  Specifically, the Attachment to the Proof of Claim clarifies that the Secured portion of the claim and arrearages are the amounts owed to Mr. Cooper for FNMA's mortgage.

3. Denied.

    **Background**

4. Admitted.

5. Admitted.

6. Admitted

7. Admitted

8. Admitted

9. Admitted

10. Denied as stated. Pursuant to the 2009, the loan was "obtained by Michael A. Guglielmo, in Christina Poulicakos['] name…" (see 2009 Agreement filed as an attachment to Claim No.: 16).

11. Admitted.

12. Admitted

13. Admitted

14. Denied as stated. Specifically, the 2009 agreement provides property is an investment property purchased by Michael, with a cash down payment of $34,000.00 funded exclusively by Michael and a mortgage "[O]btained by Michael A. Guglielmo, in Christina [Snarksi's] name." The agreement further provides that Ms. Hantschar was purchasing 50% ownership in the property with Michael retaining the other 50%; Christina would be compensated upon the property's eventual sale or refinance for her efforts in managing the property. Ultimately, the Quit-Claim deed provides each of the parties have a 1/3 interest in the real estate. (see 2009 Agreement filed as an attachment to Claim No.: 16)

15. Denied in part. Giovanni did pass away; however, he was in the hospital under hospital care at the time.

16. Admitted.

17. Admitted.

18. Denied in part.

19. Denied. Ms. Snarski has previously accounted for all rents collected, and states such were used exclusively to pay for operating costs of the property including bills, maintenance, and property preservation.

20. Denied. During the times Ms. Snarski collected rents from any of the joint properties, the rents were used to pay bills, maintenance, and property preservation. Mr. Guglielmo removed Ms. Snarksi's access to the Bank Accounts and notified tenants that they were not to pay their rent to Ms. Snarski. Mr. Guglielmo began collecting the rents directly at that time, and failed to use the collected rents to pay bills including the mortgage securing the loan solely in Ms. Snarski's name. Ms. Snarski notified Mr. Guglielmo that without access to the Citizen's Bank account and without the rents collected neither the mortgage nor the other bills for the property could be paid.

21. Denied. Ms. Snarski notified Mr. Guglielmo that without the rents he was collecting from the Park Street Tenants the mortgage could not be paid.

22. Denied as stated. Ms. Snarski has accounted for all funds. Ms. Snarski states that all withdrawals from the joint bank account made by her have been properly supported by receipts for the payment of bills related to the properties the parties owed jointly.

23. Denied as stated. Mr. Guglielmo's then significant other contacted the mortgage company on more than one occasion impersonating Ms. Snarski to deny Ms. Snarski access to the mortgage account. Following such impersonations, Ms. Snarski was required to reach out to the Mortgage Company personally and notify them that changes made to the account were not in fact requested by her.

24. The statements contained in paragraph 24, are such that no response is required.

25. The statements contained in paragraph 25 are such that no response is required.

Case: 22-10461-BAH  Doc #: 66  Filed: 04/19/23  Desc: Main Document    Page 3 of 4

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted in part. Ms. Snarski further states that the state court litigation involves claims against Mr. Guglielmo by her as well as his breach of contract claims against her. Ms. Snarski admits that she is unwilling to cooperate in further attempts to modify the loan as the loan has already been modified once at Mr. Guglielmo's request and he failed to maintain the modified payments.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Denied. Ms. Snarski's claim is not frivolous, the Debtor has prevented Ms. Snarski from paying the mortgage by instructing the tenants not to speak with her or pay her the rent, has closed the bank account established to deposit rents and pay the bills, has solely collected rent from the property for many years and has failed to use the rents collected to pay the mortgage or other bills that he has admitted are his responsibility.

36. That Ms. Snarski made clear, or so she believed, in her Proof of Claim that the secured portion of the claim was the mortgage payments the Debtor failed to make despite collecting the rents. Ms. Snarski has no objection to the arrearage payments being paid directly to Mr. Cooper.

37. That the "possible settlement" is contingent upon the sale of the real estate. As of today's date the property is listed for sale; however, there is no signed purchase and sales agreement nor have there been any offers to purchase the property.

38. The Debtor admitted in his sworn schedules and statements that he was obligated on the mortgage; however, he is not and as a result the mortgagee did not file a claim. The Debtor has consistently indicated that the property is his and the loan is his. Ms. Snarski restates that she has no objection to mortgage arrearages being paid directly to Mr. Cooper. Ms. Snarski attempted to make clear in the attachment to the Proof of Claim that the secured portion is actually the mortgage that "Michael A. Guglielmo obtained, in [her] name…" The balance of the Proof of Claim is a contingent claim and should be allowed as it was properly supported.

**WHEREFORE**, the Respondents respectfully request that this Honorable Court:

    A.    Deny Movant's Objection to Proof of Claim Number 16; and

    B.    For such other and further relief as is deemed fair, just and equitable.

Respectfully submitted,

                                              Christina Snarski
                                              By and through her Attorneys,

Dated: April 19, 2023                         /s/Kathleen E. McKenzie, Esq.
                                              Kathleen E. McKenzie, Esquire
                                              BNH 07628
                                              Raymond J. DiLucci, P.A.
                                              81 South State Street
                                              Concord, NH 03301
                                              Tel: (603) 224-2100